NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOBO ADAN GONZALEZ-GARCIA; GLORIA LISBETH RECANCOJ-DOMINGUEZ; LARRY ADAM GONZALEZ-RECANCOJ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-605 <br><br> Agency Nos. <br> A208-866-294 <br> A208-866-296 <br> A208-866-295 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2024[**]
Pasadena, California

Before: BERZON and MENDOZA, Circuit Judges, and LIBURDI, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

Jacobo Gonzalez-Garcia, his wife Gloria Recancoj-Dominguez, and their child Larry Gonzalez-Recancoj (collectively, the Gonzalez-Garcias) are natives and citizens of Guatemala. They petition for review of a Board of Immigration Appeals (BIA) decision affirming an immigration judge's (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review the agency's factual findings for substantial evidence, "meaning that the determination must be supported by 'reasonable, substantial, and probative evidence on the record.'" *De Leon v. Garland*, 51 F.4th 992, 999 (9th Cir. 2022) (quoting *Lopez v. Sessions*, 901 F.3d 1071, 1074 (9th Cir. 2018)). A finding is supported by substantial evidence if "a reasonable factfinder" could have reached the same conclusion. *Id.; see Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021).

1.      Substantial evidence supports the BIA's and IJ's determination that the Guatemalan government would be willing and able to protect the Gonzalez-Garcias from violent nonstate actors. After Jacobo Gonzalez-Garcia filed a report with the Guatemalan Public Ministry, the Ministry asked the Civil National Police to provide him with security and interview him at his home. The record does not indicate whether the authorities ever identified or apprehended the individuals who

threatened the Gonzalez-Garcias. But a reasonable factfinder could conclude that the family did not provide the police with "sufficiently specific information to permit an investigation or an arrest." *Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013). In his report to the Public Ministry, Jacobo Gonzalez-Garcia did not identify his alleged persecutors. He also testified before the IJ that the Gonzalez-Garcias moved to his mother-in-law's house on the same day he filed the report, and he did not say that he provided the authorities with her address. And although the country conditions reports attached to the Gonzalez-Garcias' applications describe Guatemala's ongoing problems with organized crime, those reports also support the determination that Guatemala has "demonstrate[d] efforts to subdue" criminal activity within its borders. *Hussain*, 985 F.3d at 648.

Because a reasonable factfinder on this record could reject the conclusion that Guatemala is unable and unwilling to control violent nonstate actors, the Gonzalez-Garcias have not met their burden for establishing eligibility for asylum. Because they have not established a likelihood of future persecution for asylum purposes, the Gonzalez-Garcias have also failed to demonstrate a "clear probability" of persecution for withholding of removal. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020).

2.      Substantial evidence also supports the BIA's and IJ's denial of CAT relief. A reasonable factfinder could conclude that the Gonzalez-Garcias did not

meet their burden of showing that it is "more likely than not" that they would be tortured in Guatemala with the consent or acquiescence of public officials. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Given the record evidence that police were responsive to Jacobo Gonzalez-Garcia's reports and that Guatemala is "actively, albeit not entirely successfully, combat[ting] . . . illegal activities," the BIA was not compelled to conclude that Guatemalan officials were more likely than not to acquiesce in acts of torture. *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam) (internal quotation marks and citation omitted).

**PETITION DENIED.**